| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | |
| ) | |
| Gary M. and Garyonna N., minors, by and through ) | CIVIL ACTION COVERSHEET |
| their next of friends, April Zealous and Gary ) | |
| McDaniel, and April Zealous and Gary McDaniels ) | |
| Plaintiff(s) ) | 2015-CP - 10- 0416_____ |
| ) | |
| vs. ) | |
| ) | |
| City of North Charleston et al ) | |
| Defendant(s) ) | |

| | |
|---|---|
| Submitted By: ALAN D. TOPOREK | SC Bar #: 5608 |
| Address: 17 1/2 BROAD STREET | Telephone #: 843/723-7491 |
| CHARLESTON, SC 29401 | Fax #: 843/577-4179 |
| | Other: N/A |
| | E-mail: Alan@Uricchio.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  (*Check all that apply*)
**If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☒ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

**Submitting Party Signature:** _____    **Date:** March 22, 2016

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (06/2013)                    Page 1 of 2

### FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF CHARLESTON )<br>)<br>Gary M. and Garyonna M., minors, by and )<br>through their next friends, April Zealous )<br>and Gary McDaniel, and April Zealous )<br>and Gary McDaniel, )<br>)<br>)<br>　　　　　　　Plaintiffs, )<br>)<br>vs. )<br>)<br>City of North Charleston, Officer Bradley )<br>Woods, Captain Scott Perry, Sergeant )<br>Charity Prosser, Deputy Chief Coyle )<br>Kinard, Detective Karen MacDonald, )<br>Lieutenant Wade Humphries, )<br>Lieutenant Bowman, Sergeant Rob Kruger, )<br>Sergeant Skip Allen, MPO Winston )<br>Williams, PFC Clarence Habersham, )<br>PFC Christopher Gorman, PFC Charles )<br>Champion, PCC Justin Fogle, PFC Jeremy )<br>Stevens, and PFC Joshua Quick )<br>)<br>　　　　　　　Defendants. )<br>_____) | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br><br>CASE NO.: 2015-CP-10-416<br><br><br><br><br><br>**AMENDED SUMMONS**<br><br><br><br>FILED<br>2016 MAR 22 AM 11:37<br>JULIE J. ARMSTRONG<br>CLERK OF COURT |

TO THE DEFENDANTS ABOVE-NAMED:

A lawsuit has been filed against you.

　　Within 30 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the South Carolina Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorneys, at the addresses shown below. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

　　　　　　　　　　　　　　　　　　　URICCHIO, HOWE, KRELL, JACOBSON,
　　　　　　　　　　　　　　　　　　　TOPOREK, THEOS & KEITH, P.A.

　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　Alan D. Toporek
　　　　　　　　　　　　　　　　　　　17 ½ Broad Street – Post Office Box 399
　　　　　　　　　　　　　　　　　　　Charleston, South Carolina 29402
　　　　　　　　　　　　　　　　　　　Tel: (843) 723-7491; Fax: (843) 577-4179
　　　　　　　　　　　　　　　　　　　Alan@uricchio.com

Robert L. Gailliard, Esquire  
1072 King Street, Suite E  
Charleston, SC 29403  
Tel.: (843) 577-5250; Fax: (843) 577-9933  
Attorneys for Plaintiff

March 22, 2016  
Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | |
| ) | CASE NO.: 2015-CP-10-416 |
| Gary M. and Garyonna M., minors, by and ) | |
| through their next friends, April Zealous ) | |
| and Gary McDaniel, and April Zealous ) | |
| and Gary McDaniel, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **AMENDED COMPLAINT** |
| vs. ) | Jury Trial Requested |
| ) | |
| City of North Charleston, Officer Bradley ) | |
| Woods, Captain Scott Perry, Sergeant ) | |
| Charity Prosser, Deputy Chief Coyle ) | |
| Kinard, Detective Karen MacDonald, ) | |
| Lieutenant Wade Humphries, ) | |
| Lieutenant Bowman, Sergeant Rob Kruger, ) | |
| Sergeant Skip Allen, MPO Winston ) | |
| Williams, PFC Clarence Habersham, ) | |
| PFC Christopher Gorman, PFC Charles ) | |
| Champion, PCC Justin Fogle, PFC Jeremy ) | |
| Stevens, and PFC Joshua Quick ) | |
| ) | |
| Defendants. ) | |

FILED 2016 MAR 22 AM 11:37
JULIE J. ARMSTRONG
CLERK OF COURT

Plaintiffs, complaining of Defendants, allege and state as follows below.

1.  Plaintiffs are and were at all times mentioned herein citizens and residents of Charleston County, South Carolina.

2.  Upon information and belief, Defendant City of North Charleston is a municipality and governmental entity subject to suit pursuant to the South Carolina Tort Claims Act. Plaintiffs allege that the City of North Charleston is liable for the acts and omissions of its employees for the negligence, gross negligence, recklessness and other liability forming conduct that caused harm to the Plaintiffs.

3.  Officer Bradley Woods, Captain Scott Perry, Sergeant Charity Prosser, Deputy Chief Coyle Kinard, Detective Karen MacDonald, Lieutenant Wade Humphries, Lieutenant Bowman, Sergeant Rob Kruger, Sergeant Skip Allen, MPO Winston Williams, PFC Clarence Habersham, PFC

Christopher Gorman, PFC Charles Champion, PCC Justin Fogle, PFC Jeremy Stevens, and PFC Joshua Quick (hereinafter, collectively referred to as "the Officers"), were at all relevant times acting under color of law and in the course and scope of their duties as employees, agents, and officers of the City of North Charleston. All are believed to be citizens and residents of the County of Charleston. They are sued in their individual capacities for compensatory and punitive damages under Federal law.

4. All Defendants were acting within the course and scope of their official duties as employees of the City of North Charleston in relation to this claim.

5. Upon information and belief, the City of North Charleston had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties.

6. The Court has subject-matter jurisdiction over the claims in this lawsuit, personal jurisdiction over Defendants and venue is proper in Charleston County, South Carolina.

7. On or about April 4, 2013, the City of North Charleston Police Department and Officer Bradley Woods, Captain Scott Perry, Sergeant Charity Prosser, Deputy Chief Coyle Kinard, Detective Karen MacDonald, Lieutenant Wade Humphries, Lieutenant Bowman, Sergeant Rob Kruger, Sergeant Skip Allen, MPO Winston Williams, PFC Clarence Habersham, PFC Christopher Gorman, PFC Charles Champion, PCC Justin Fogle, PFC Jeremy Stevens, and PFC Joshua Quick, approached Plaintiffs' home to search the attic for a suspect they believed may have been hiding in the adjacent apartment, in that the two apartments shared a common attic space.

8. AT the Defendant's specific request to search their attic, Plaintiffs consented and allowed the City of North Charleston Police Department and the Officers, to come into their home to conduct a search of the attic.

9. Subsequent to said search, it having yielded no fruitful results, and the suspect not having been located, the Defendants requested that the Plaintiffs consent to a search of their entire

home, to which the Plaintiffs refused. Thereupon, the Defendants advised the Plaintiffs that if this second search was not consented to, that Plaintiffs would be arrested. As such, the Plaintiffs had no alternative but to allow the search. Said search having thus been consented to under circumstances of duress and coercion and violative of the Plaintiffs' constitutional rights.

10.    The City of North Charleston Police Department has organizational values. Some of these values are to protect the life and property of its citizens, to adhere to the highest ethical standards of personal and professional conduct, and to respect the rights of all citizens.

11.    During the course of the second search of Plaintiffs' home conducted by the City of North Charleston Police Department and the Officers, the Plaintiff's home was ransacked and a multitude of personal property items were unnecessarily destroyed and/or damaged. Moreover, the entire family was traumatized and terrorized by the conduct of the Defendants, all of which was in violation of organizational values, policies, procedures and the Fourth and Fourteenth Amendments of the U.S. Constitution.

12.    Furthermore, and more egregiously, the Defendants prepared a false and perjured affidavit in order to obtain a fraudulent search warrant after the second search of the Defendants' home, in an effort to cover up the unlawful search of the Plaintiffs' home and the damage that was thereby suffered by the Plaintiffs.

13.    As a direct and proximate result of the Defendants' conduct, Plaintiffs sustained property damage, experienced trauma, and suffered severe mental and emotional distress and anguish.

## FOR A FIRST CAUSE OF ACTION as to ALL DEFENDANTS
### (42 U.S.C. § 1983)

14.    Plaintiffs hereby incorporate all allegations of the above paragraphs as if set forth and repeated herein verbatim.

15. By the acts and omissions described above, Defendants violated 42 U.S.C. § 1983, thereby depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

    a. The right to be free from excessive or unnecessary destruction of property in the course of a search as secured by the Fourth and Fourteenth Amendment; and,

    b. In such other particulars as may be determined by the triers of fact.

16. As a direct and proximate result of Defendants' acts and/or omissions as set forth herein above, Plaintiffs sustained injuries and damages as otherwise set forth in this Complaint.

17. The conduct of the Officers in their individual capacities entitles Plaintiffs to compensatory damages, punitive damages and penalties allowable pursuant to 42 U.S.C. § 1983 and the South Carolina Code of Laws.

18. Plaintiffs are also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1983 and applicable South Carolina codes and laws.

## FOR A SECOND CAUSE OF ACTION as to DEFENDANT CITY OF NORTH CHARLESTON
### (Negligence, Gross Negligence)

19. Plaintiffs hereby incorporate all allegations of the above paragraphs as if set forth and repeated herein verbatim.

20. The injuries and damages complained of herein were directly and proximately caused by the following careless, reckless, willful, and grossly negligent acts of the Defendant City of North Charleston, all in violation of the statutes and common laws of the State of South Carolina, combining and concurring:

    (a) In failing to follow prescribed organizational values;
    (b) In failing to follow prescribed policies, procedures and/or safety rules;

(c)     In failing to use the degree of care and caution that a reasonable and prudent police department would have used under the circumstances then and there prevailing;

(d)     In failing to properly train its officers in search and pursuit tactics, such that a search would be conducted without destroying Plaintiffs' property and inflicting emotional and mental distress, anguish and suffering;

(e)     In failing to supervise its officers in their actions and allowing the Officers to destroy Plaintiffs' property and inflict and cause mental and emotional distress, anguish and suffering; and,

(f)     For such other acts and omissions that the triers of fact may determine.

21. As a result of the aforesaid grossly negligent, careless, willful, and reckless acts, Plaintiffs have been injured and damaged. Plaintiffs have and will in the future suffer and continue to suffer from the following: property damage and mental and emotional distress, as well as the costs and expenses associated therewith in an amount of actual damages to be determined and deemed appropriate by the triers of fact.

**WHEREFORE**, Plaintiffs request that judgment be entered against the Defendants on all causes of action and that Plaintiffs be awarded: actual and punitive damages; attorneys' fees and costs; and, for such other and further relief as the triers of fact and the Court may deem just and proper.

URICCHIO, HOWE, KRELL, JACOBSON,
TOPOREK, THEOS & KEITH, P.A.

_____
Alan D. Toporek
17 ½ Broad Street – Post Office Box 399
Charleston, South Carolina 29402
Tel: (843) 723-7491; Fax: (843) 577-4179

Robert L. Gailliard, Esquire
1072 King Street, Suite E
Charleston, SC 29403
Tel.: (843) 577-5250; Fax: (843) 577-9933
Attorneys for Plaintiff

March 22, 2016
Charleston, South Carolina

5