IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gary M. and Garyonna M., minors, by and through their next friends, April Zealous and Gary McDaniel, and April Zealous and Gary McDaniel, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| ) | C/A No.: 2:16-cv-01087-DCN-MGB |
| vs. ) ) | |
| City of North Charleston, Officer Bradley Woods, Captain Scott Perry, Sergeant Charity Prosser, Deputy Chief Coyle Kinard, Detective Karen MacDonald, Lieutenant Wade Humphries, Lieutenant Bowman, Sergeant Rob Kruger, Sergeant Skip Allen, MPO Winston Williams, PFC Clarence Habersham, PFC Christopher Gorman, PFC Charles Champion, PCC Justin Fogle, PFC Jeremy Stevens, and PFC Joshua Quick ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) _____) | |

**PLAINTIFFS' OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 83.VII.08, Plaintiffs object to certain portions of the Magistrate Judge's report and recommendation (R&R) (Doc. No. 32) filed August 4, 2017. The Magistrate Judge erred in recommending that Defendants Perry, Humphries, Bowman, Allen, Williams, Gorman, Champion, Fogle, Stevens, and Quick, be dismissed from this action. These were the members of the SWAT team that entered Plaintiffs' apartment. The Magistrate Judge recommends that they be dismissed from the matter as there is no evidence that these ten individual SWAT team members ever entered the plaintiffs' apartment.

Captain Scott Perry testified as follows:

1

     Q. Did you see the need to have 11 officers go into this -- I'm going to tell you, it's probably about 750 square feet on the high side. Having 11 officers, SWAT-trained officers, go into this small apartment?

MS. JACKSON: Objection to the form.

BY MR. TOPOREK: Q. We don't have a judge here to tell us whether the objection is worth a durn or not so you can answer it.

MS. JACKSON: You can answer.

THE WITNESS: Yeah, I don't know if all 11 went into that apartment. I know that they go into all kinds of areas.

(Captain Scott Perry Deposition[1], August 2, 2016 Page 17:6-17)

Q. Do you know what officers went into apartment 6?
A. The only ones I know are Sergeant Kruger and Habersham.
Q. And have you asked the SWAT Team if anybody else remembers going into apartment 6?
A. Yes. Kruger and Habersham are the only ones that said they remembered.

(Captain Scott Perry Deposition, August 2, 2016 Page 47:18-25)

Q. I thought I had asked you earlier who you had discussed this matter with and in response to -- and maybe I didn't ask it well. In response to Ms. Jackson's questions, you said the only officers that remembered going in there, in the premises, were Habersham and Kruger?
A. Correct.
Q. Does that mean you spoke with Fogle, Humphries, Bowman, Stevens, Williams, Champion, Quick, Gorman and Allen and they all told you they had no recollection of going in there?
A. I believe they were all present and they didn't know who stayed behind in No. 5 versus who went into the No. 6 except for Habersham and Humphries.
Q. My question is: Did you ask each of those individuals whose names I just recited if they had any recollection of going in No. 6?
A. Yeah. I asked them as a group.
Q. So 12 of y'all sat down, meaning these 11 officers and you, and you said, Which one of you guys went into unit 6, which one of you guys went into unit 5?
A. Yeah. When we were discussing the – when I was telling them about, you know, there was some, I guess, damage to the apartment, we were discussing hat, and to be more careful when you're going in, as possible. That's when I asked that question.
Q. And that would have been in close proximity to April 4, 2013?
A. Correct.
Q. Did you make any notes of that meeting you had with them?
A. No, sir.
Q. Did you share that conversation with DC Kinard?

A. I told him I talked to them, yes.
Q. Did you tell him what they told you?

---

[1] Exhibit 3.

A. No. I just advised him that I had talked to them about it.

Q. And so today, August 2 of 2016, which is some three-plus years since that date, you now independently remember that Habersham and Kruger were the only ones that told you they went into unit 6?

A. Correct.

Q. But you don't have any paper that you -- you don't have any paper that you can point to that said, these are my notes from my meeting with these guys in the aftermath of the complaint of damage to unit 6?

A. No, sir.

Q. You don't have any computer entry that will verify your conversation with these 11 officers in the aftermath of being told there was damage to unit 6?

A. No, sir.

Q. This is all your independent recollection?

A. Correct.

(Captain Scott Perry Deposition, August 2, 2016 Pages 51:17 – 53:23)

"While a party opposing summary judgment is entitled to all reasonable inferences in its favor, an inference is only reasonable if it is plausible and the evidence is such that a rational jury, given the entire record, could draw that inference." *Benekritis v. Johnson*, 882 F.Supp. 521 (1995) (citation omitted). Based upon the testimony of Captain Scott Perry, and the affidavits of Gary McDaniel (Exhibit 1) and April McDaniel (Exhibit 2), there is a plausible inference that Defendants Perry, Humphries, Bowman, Allen, Williams, Gorman, Champion, Fogle, Stevens, and Quick entered Plaintiffs' apartment and damaged their property.

Based upon the foregoing, Plaintiffs respectfully request the Court reject the Magistrate Judge's Repot and Recommendation (Doc. No. 32), to the extent that the report recommends Defendants Perry, Humphries, Bowman, Allen, Williams, Gorman, Champion, Fogle, Stevens, and Quick be dismissed.

URICCHIO HOWE KRELL JACOBSON
TOPOREK THEOS & KEITH, P.A.

/s Alan D. Toporek, Fed ID: 4127
alan@uricchio.com
PO Box 399 – Charleston, SC 29402

Tel.: (843) 723-7491; Fax: (843) 577-4179
Attorneys for Plaintiffs

August 18, 2017

4