IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| M. and M., minors, by and through their next friends, April Zealous and Gary McDaniel, and April Zealous and Gary McDaniel,<br><br>    Plaintiffs,<br><br>v.<br><br>City of North Charleston, Officer Bradley Woods, Captain Scott Perry, Sergeant Charity Prosser, Deputy Chief Coyle Kinard, Detective Karen Macdonald, Lieutenant Wade Humphries, Lieutenant Bowman, Sergeant Rob Kruger, Sergeant Skip Allen, MPO Winston Williams, PFC Clarence Habersham, PFC Christopher Gorman, PFC Charles Champion, PCC Justin Fogle, PFC Jeremy Stevens, and PFC Joshua Quick,<br><br>    Defendants. | C/A No.: 2:16-cv-01087-DCN-MGB<br><br><br><br>**DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION** |

Defendants City of North Charleston, Sergeant Rob Kruger and PFC Clarence Habersham, submit the following Objections to the Report and Recommendation. The Report and Recommendation concludes that there are questions of fact as to whether Defendants Kruger and Habersham violated Plaintiff's constitutional rights by being in the apartment when damage was negligently caused. Based on these questions of fact, the Magistrate recommended denial of Defendant's Motion for Summary Judgment as to Kruger and Habersham. The Court further recommended denial of summary judgment as to the children's claims stating that it was unclear whether they had any interest in the damaged property. Defendants do not object to any of the recommendations to grant summary judgment to the various defendants, contained in the report.

**I.    KRUGER AND HABERSHAM ARE ENTITLED TO SUMMARY JUDGMENT AND QUALIFIED IMMUNITY AS THERE IS NO EVIDENCE THAT EITHER OF THEM ACTUALLY CAUSED ANY INTENTIONAL DAMAGE.**

The Report and Recommendation of the Magistrate states only that "a reasonable juror might conclude that defendants Habersham and Kruger were responsible for the alleged damage, and that such destruction of property was unreasonable." (R&R, P 13-14). The Amended Complaint does not allege intentional damage to property. It only alleges that property was damaged "in the course of a search". The magistrate does not address the United States Supreme Court's decision that negligence in the loss or destruction of property is not actionable as a deprivation of property under the United States Constitution and 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986). The magistrate also fails to consider the fact that there is an adequate remedy under state law to compensate the plaintiffs for negligent property damage through the South Carolina Tort Claims Act. Finally, the magistrate state in the report and recommendation that "plaintiffs have provided evidence through their testimony that damage was done to **areas** where a person could not possibly be hiding." (R&R p. 13, *emphasis added*). This is an improper conclusion of the magistrate, and defendants assert that no such evidence was provided by the plaintiffs. To the extent that they listed their damaged property, it would include only property where a person could be hiding, or incidental property that would be in the immediate area - i.e. CPAP machine with broken tube which was on the floor beside the bed; picture hanging precariously in a narrow hallway that officers loaded down with equipment passed through.[1]

The Supreme Court has also acknowledged that sometimes during the course of a search, property will be damaged as part of the officers performing their duties. *Cody v. Mello*, 59 F.3d

---

[1] Defendants dispute the damage, but for the purposes of these objections make these statements taking the evidence in the light most favorable to the plaintiffs.

13, 16 (2d Cir.1995) *Dalia v. United States*, 441 U.S. 238, 258 (1979). The Ninth Circuit said "[an officer] is not liable under § 1983 if he damaged [plaintiffs'] property through mere negligence." *Sherman v. Byrd*, 83 F. 3d 428, 1996 WL 200239 (9th Cir. 1996). Even if the deprivation was intentional, it would not be actionable in this court because an adequate remedy exists in the Circuit Court of the State of South Carolina. *See Hudson v. Palmer*, 468 U.S. 517 (1984).

Additionally, "[a]lthough he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. . . . There is no contention that the procedures themselves are inadequate." *Parratt v. Taylor*, 451 U.S. 527, 544 (1981) 101 S.Ct. 1908, 1917. The State of South Carolina provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State through its Tort Claims Act, S.C.Code § 15-78-10 *et seq.* "Although the state remedies may not provide the [plaintiff] with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate." *Parratt* at 544, 1917. "They can make a tort claim..." (Perry, 46/24). The remedies provided can fully compensate the plaintiffs for the property loss they allege they suffered, and such a state claim is included as a part of this litigation. It is the state law "Negligence/Gross Negligence" cause of action.

A number of lower courts have also ruled that negligent and even intentional deprivation of property is either not actionable under § 1983 or not a violation of the Fourth Amendment. *See Smith v. Gates*, 1994 WL 91982; *Jefferson v. Weaver*, 2010 WL 5475747; *Schertz v. Waupaca County*, 683 F. Supp. 1551 (E.D. Wis. 1988); *Bergquist v. County of Cochise,* 806 F.2d 1364, 1369 (9th Cir.1986); *Stone v. Agnos*, 960 F.2d 893, 895 (9th Cir.1992); *Sherman v. Byrd*,

83 F. 3d 428, 1996 WL 200239 (9th Cir. 1996); *Cody v. Mello*, 59 F.3d 13, 16 (2d Cir.1995); *Soichet v. Toracinta*, 111 F.3d 124 (2d Cir. 1997).

Additionally, there is no respondeat superior. When depositions were taken, more than three years after the incident, Captain Perry had recently asked SWAT who remembered going into the house, and Kruger and Habersham remembered being there. (Perry, 47/18-25, Ex. H). Others did not remember. (*Id*.). Plaintiffs did not depose Kruger or Habersham to ask them if they damaged any property. Simply because Kruger and Habersham were in the apartment does not make them responsible for the damage.

## II. THE PLAINTIFFS HAVE NOT SUBMITTED ANY EVIDENCE IN SUPPORT OF THE CHILDREN'S CLAIMS.

The Magistrate recommended denying the children's claims on the basis that it is unclear whether they had any interest in the damaged property, and further because the adult plaintiffs testified that the children saw the police in their home. The plaintiffs have never testified that any of the children's property was damaged in the home. To the contrary, they testified specifically to the items damaged and even submitted a list of damaged items. Plaintiffs claim that a picture from the wall in the hallway, a bed in the master bedroom, a couch and swivel chair in the living room, a CPAP machine in the master bedroom, two laptop computers, a bedframe in the master bedroom (which defendant asserts is part of the bed already listed), a washing machine, a television in the master bedroom, and the frame around the attic entry were damaged. Plaintiffs have not presented any evidence that any of the damaged items were owned by any of the children. Mr. McDaniel testified that he was the user of the CPAP machine, and that the adults were each using the laptops prior to the police coming to the door. The bed and television alleged to have been damaged were in the adult bedroom of the apartment. There can

only be one recovery for the property damage. Each of the plaintiffs cannot submit separate claims for the same items.

The magistrate judge points to *Roe v. Texas Dep't of Protective & Regulatory Servs.,* 299 F.3d 395, 411 (5th Cir. 2002), a search and seizure case, in which the Court held the Fourth Amendment has been held to protect a child's rights in the home as an adult's rights. In *Roe*, the court held that the child had an interest in the home because the child lived in the home and the child himself was searched and violated by the social worker. This case is distinguishable from our case at issue. The minor children of Gary McDaniel in this case, did not live in the home searched but were only visiting their non-custodial parent. Their primary residence was with their mother. The children were also not on the lease and therefore have no ownership claim relating to the damage to the attic entrance.

Further, the children were not present in the home during the search and the children themselves were not searched or violated. The fact that the plaintiffs have testified that the children "saw the officers in the house" has no bearing on the property damage claim. No search or protective sweep was performed while any of the plaintiffs were in the residence. The mere presence of a police officer who is inside a home with the consent of the parents does not give rise to a claim on behalf of the children. Damages for emotional or mental suffering are typically not recoverable, unless there is some physical manifestation of the emotional distress. *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 747 S.E.2d 468 (S.C., 2013); *See Dooley v. Richland Mem'l Hosp.*, 283 S.C. 372, 322 S.E.2d 669 (1984) (declining to recognize a negligent infliction of emotional distress cause of action and holding that damages for emotional distress are generally not recoverable in a negligence action absent some physical manifestation). Here there is no evidence showing any physical manifestations that were linked by any doctor to the fact

that the children "saw the officers in the house" and even if there was, seeing officers in your house, when your parents have given them consent to be there does not give rise to liability.

As to the magistrate's recommendation to deny summary judgment on the children's claims because they are also plaintiffs on the state law claim, defendants assert that they are separate claims and should be treated as such. Additionally, any claim for intentional infliction of emotion harm is precluded by the South Carolina Tort Claims Act and therefore not permitted. S.C.Code § 15-78-30.

Therefore, the defendants ask this court to reconsider the recommendation of the magistrate as to the children's claims and dismiss them.

### III. 42 U.S.C. § 1983 CLAIM AGAINST THE CITY OF NORTH CHARLESTON

The magistrate is correct that all defendants filed motions for summary judgment on the 42 U.S.C. § 1983 claims. The defendants agree with the magistrate's determination that the plaintiffs have "failed to show any evidence sufficient to create a genuine issue of material fact as to whether the actions of Individual Defendants in this case were the result of the City's custom or policy." (R&R, p. 21).

### CONCLUSION

For all of the reasons herein stated and for the reasons stated in Defendants' Memorandum in Support of Summary Judgment, the defendants respectfully, and with all due respect to the Honorable Magistrate Judge, request that this Court decline to accept the Report and Recommendation as to Kruger and Habersham and as to the children's claims and instead

issue an Order holding that there are no genuine issues for trial and grant summary judgment in Defendants' favor pursuant to FRCP, Rule 56.

Respectfully submitted,


  *S/ Robin L. Jackson*
ROBIN L. JACKSON, Fed. ID: 7465
*Senn Legal, LLC*
3 Wesley Drive
P.O. Box 12279
Charleston, SC 29422
843-556-4045
fax: 843-556-4046
Robin@sennlegal.com

August 18, 2017
Charleston, South Carolina

Attorney for Defendants